UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| QUENTIN WALKER, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 7:12-CV-215-O-BL |
| | § | ECF |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge |

REPORT AND RECOMMENDATION

THIS MATTER is before the court *sua sponte*.  Plaintiff filed his complaint on December 20, 2012, seeking review of the decision of the Commissioner denying his application for a period of supplemental security income benefits under Title XVI of the Social Security Act.  Plaintiff is proceeding *in forma pauperis* and *pro se* in this matter.

I.   PROCEDURAL HISTORY

The United States District Judge, pursuant to 28 U.S.C. § 636(b), referred this matter to the United States Magistrate Judge for report and recommendation, proposed findings of fact and conclusions of law, and a proposed judgment.  Plaintiff filed his complaint on  December 20, 2012 Upon Plaintiff's application to proceed *in forma pauperis*, the court entered an Order Permitting Filing *In Forma Pauperis* and directing issuance of process on January 3, 2013 (Doc. 5).  Plaintiff failed to effect service of process within 120 days of the filing of the complaint.  The court entered an Order to Show Cause on April 18, 2013 (Doc. 9), directing Plaintiff to file a response showing cause for his failure to comply with the orders of the court and to effect service upon the Defendant no later than May 10, 2013.  The order specifically cautioned Plaintiff that a failure to comply would

result in a recommendation to the District Court that Plaintiff's complaint be dismissed without prejudice. That deadline has elapsed. Plaintiff has failed to effect service upon the Defendant and failed to show cause for his previous failure to comply with the orders of the court.

## II.   ANALYSIS

A district court has the inherent authority to dismiss an action for failure to prosecute, with or without notice to the parties. *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31(1962); *Rogers v. Kroger Co.*, 669 F.2d 317, 319-20 (5th Cir.1982); *see also Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir.1998). A court may *sua sponte* dismiss an action for failure to prosecute or to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The court has the authority to order a party to submit a brief in support of the party's position just as it has the authority to require oral argument or attendance at conferences. With regard to the court's inherent authority to dismiss *sua sponte*, the Fifth Circuit has noted that the "power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (quoting *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31(1962)).

Although proceeding *pro se*, Plaintiff is nevertheless required to comply with the applicable local civil rules of this court, as well as the Federal Rules of Civil Procedure. *See* Northern District of Texas Civil Local Rule 83.14. Plaintiff's failure to comply with the court's orders or with Federal Rule of Civil Procedure 41(b), which provides that the court may dismiss an action "[f]or the failure of the plaintiff to prosecute or comply with these rules or any order of the court," demonstrates a manifest lack of interest in litigating his claims.

Because of Plaintiff's failure to comply with the court's order, the court finds that Plaintiff has demonstrated a manifest lack of interest in litigating his claims and recommends that Plaintiff's complaint be dismissed without prejudice.

### III.    CONCLUSION, RECOMMENDATION, AND TRANSFER

Based upon the foregoing discussion of the issues, the evidence, and the law, this court recommends that the United States District Judge dismiss the Plaintiff's complaint without prejudice.

Plaintiff having refused consent to having the United States magistrate judge conduct all further proceedings in this matter, this case is **TRANSFERRED** back to the docket of the United States district judge.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

**SO ORDERED**.

DATED this 12th  day of July 2013.

_____
E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE